IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JEANNE A. PEEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-0902-CV-W-NKL-SSA |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Plaintiff Jeanne A. Peek's ("Peek") Motion for Summary Judgment (Doc. 14). Peek seeks judicial review of the Commissioner's denial of her request for disability insurance benefits based on Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*. For the reasons stated below, Peek's motion will be denied.

Peek, whose age ranged from twenty-six to thirty-one during the relevant time, alleges disability based on back pain; numbness, tingling, and swelling of the hands, arms, and feet; neck pain; headaches; scoliosis; and spina bifida. On April 7, 2004, following a hearing, the Administrative Law Judge ("ALJ") found that Peek was not entitled to benefits under the Act and such determination became a final decision of the Commissioner upon the Appeals Council's denial of Peek's request for review. Judicial review is appropriate because Peek has exhausted her administrative remedies.

1

Peek objects to the ALJ's decision on two grounds.  First, Peek argues that the ALJ erred in finding that her testimony was not credible.  Upon review of the record, however, the Court determines that the record supports the ALJ's conclusion that Peek tends to exaggerate the severity of her condition.  During a July 1999 orthopaedic evaluation, Dr. George Flowers noted that Peek "seems to be a bit histrionic and overreactive to the amount of examination."  (Tr. 265.)  During a December 1999 neurologic evaluation, Peek used a cane while she was examined by Dr. Kathryn Hedges.  (Tr. 289.)  Dr. Hedges noted that as Peek left the facility, Hedges "watched her as she walked out to the parking lot and she was [relying] much less heavily on the cane and was herding both of her children ahead of her without difficulty."  *Id.*  Further, as the ALJ noted, Peek's earnings record is quite sporadic, drawing into question her motivation to work.  (Tr. 201.)  Finally, as discussed below, Peek's subjective complaints of disabling pain are unsupported by medically acceptable diagnostic results.  These considerations constitute substantial evidence that supports the ALJ's decision to discredit Peek's subjective complaints.

Second, Peek argues that the ALJ gave insufficient weight to the opinion of Dr. Kam-Fai Pang, who had completed a medical source statement indicating that Peek has a number of severe restrictions.  (Tr. 347-50.)  However, the ALJ correctly noted that Dr. Pang was a consultative physician and that his conclusions appear to be based solely on Peek's subjective complaints during Pang's single examination.  A careful review of Dr. Pang's report reveals that the ALJ was correct—the report contains no purely objective
2

findings that suggest disabling pain.  Indeed, the report reveals that Peek declined to participate in several proposed diagnostic procedures.  Peek declined to straighten out her back, to do any extension of the hip joints, and to raise her arm.  (Tr. 343.)  The only purely objective medical findings in Pang's report were normal: Pang did not find any active paraspinal muscle spasm or muscle atrophy, and Peek was able to perform straight leg raising at 90 degrees bilaterally.  *Id*.  Pang's opinion therefore appears to be based solely on Peek's subjective complaints which, as explained above, are not credible.

Furthermore, as the ALJ pointed out, Pang's opinion is inconsistent with Peek's laboratory results.  An MRI of her spine was "essentially normal," revealing only a "minimal disc bulge."  (Tr. 48.)  Similarly, an x-ray of Peek's spine was negative, revealing preserved intervertebral disk spaces, no evidence of fracture or subluxation of the cervical spine, and no evidence of compression fracture or disk space narrowing in the lumbar spine.  (Tr. 301.)  During the hearing, the ALJ further explored the record by obtaining the testimony of an independent medical expert, Dr. Malcolm Brahms, who is an orthopedic surgeon.  Dr. Brahms testified that, after reviewing the medical record (including Dr. Pang's report), he concluded that Peek's "subjective symptoms far outweigh her objective findings," and that Peek has the ability to do light work that does not require repetitive overhead lifting.  (Tr. 424.)[1]

---

[1] Peek claims that "[t]he Administrative Law Judge repeatedly refused to allow Plaintiff's attorney to cross-examine Dr. Brahms."  (Pl. Suggestions in Support [Doc. 14], p. 14.)  However, the ALJ did allow Peek's counsel to cross-examine Dr. Brahms, and Peek's counsel did so at considerable length.  (Tr. 425-458.)

3

Upon review of the record, the Court determines that the ALJ's decision was supported by substantial evidence in the record. Accordingly, it is

ORDERED that Peek's Motion for Summary Judgment (Doc. 14) is DENIED. The decision of the ALJ is AFFIRMED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: August 1, 2005
Kansas City, Missouri